# IN THE COURT OF APPEALS OF IOWA

No. 19-1317
Filed April 28, 2021

**STATE OF IOWA,**
　　Plaintiff-Appellee,

**vs.**

**EARL LEE RILEY,**
　　Defendant-Appellant.
_____

　　Appeal from the Iowa District Court for Johnson County, Kevin McKeever (plea) and Mitchell E. Turner (sentencing), Judges.

　　Earl Lee Riley appeals his pleas of guilty and the sentences imposed. **AFFIRMED.**

　　Mark C. Meyer, Cedar Rapids, for appellant.

　　Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee.

　　Considered by Bower, C.J., and Doyle and Mullins, JJ.

**BOWER, Chief Judge.**

Earl Lee Riley entered guilty pleas on four of five counts with which he was originally charged. He pleaded guilty to: on count 1, a lesser-included offense of second-degree burglary, a class "C" felony; on count 2, first-degree theft, a class "B" felony; on count 3, a lesser-included offense of second-degree theft, a class "C" felony; and on count 5, a lesser-included offense of third-degree sexual abuse, a class "C" felony. The plea agreement provided all sentences would run consecutively and count 4 would be dismissed. Judgment and sentence were entered on July 23, 2019.

Riley appeals, alleging defects in the plea procedure, plea counsel was ineffective, and the court did not provide adequate reasons for imposing consecutive sentences. Because judgment was entered after July 1, 2019, Riley has no right to appeal his guilty pleas, and because he has failed to establish "good cause" to challenge his sentences, we affirm.

In the 2019 legislative session, the general assembly amended Iowa Code section 814.6(1) (2019). The amendment denies a defendant the right of appeal from a guilty plea, except for a guilty plea to a class "A" felony or in a case where a defendant establishes good cause. 2019 Iowa Acts ch. 140, § 28 (codified at Iowa Code § 814.6(1)(a)(3) (2020)). The legislature also amended section 814.7, eliminating direct-appeal ineffective-assistance-of-counsel claims. *See* 2019 Iowa Acts ch. 140, § 31 (codified at Iowa Code § 814.7). These amendments became effective July 1, 2019. *See* Iowa Code § 3.7(1) ("All acts . . . shall take effect on the first day of July following their passage, unless some other specified time is provided."). Our supreme court has held "that date of the *judgment* being appealed

controls the applicability of the amendment to section 814.6." *State v. Damme*, 944 N.W.2d 98, 103 n.1 (Iowa 2020). The date of the judgment at issue here was July 23, 2019—after the July 1, 2019 effective date—and the amendments govern. *See id.* at 103 ("The amendment plainly applies to Damme's appeal because her judgment and sentence were entered on July 1, 2019."). *Cf. State v. El-Amin*, 952 N.W.2d 134, 137 n.1 (Iowa 2020) (addressing ineffective-assistance claim for alleged lack of factual basis and noting, "[b]ecause the district court entered El-Amin's judgment of conviction and sentence *before* July 1, 2019, this case is not governed by the amendments that year to Iowa Code sections 814.6 and 814.7 restricting appeals from guilty pleas and ineffective-assistance-of-counsel claims"); *State v. Macke*, 933 N.W.2d 226, 235 (Iowa 2019) ("We conclude the absence of retroactivity language in sections 814.6 and 814.7 means those provisions apply only prospectively and do not apply to cases pending on July 1, 2019.").

Because Riley did not file a motion in arrest of judgment, he has waived any procedural defects in the plea proceeding. Iowa R. Crim. P. 2.24(3)(a) ("A defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal."). And under section 814.7, this court is unable to review his ineffective-assistance-of-counsel claim. Finally, with respect to his challenge to consecutive sentences, *Damme* forecloses a finding of good cause. In *Damme*, the supreme court held

> good cause exists to appeal from a conviction following a guilty plea when the defendant challenges his or her sentence rather than the guilty plea. Damme received a discretionary sentence that was neither mandatory *nor agreed to as part of her plea bargain*, and she

is appealing that sentence and asking for resentencing without challenging her guilty plea or conviction.

944 N.W.2d at 105 (emphasis added). Here, Riley agreed to the imposition of consecutive sentences as part of his plea agreement.[1] For these reasons, we affirm.

**AFFIRMED.**

---

[1] Riley attempts to avoid his agreement to the sentence by arguing the court was not bound by the plea agreement. However, Riley is.